[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12037
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-24758-MGC

FREDDIE LEE WILSON,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
STATE OF FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 23, 2019)

Before WILSON, NEWSOM, and HULL, Circuit Judges.

PER CURIAM:

Freddie Lee Wilson, a Florida state prisoner proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for second-degree murder and sentence of 35 years' imprisonment. Wilson's § 2254 petition states four grounds for relief, alleging that his trial counsel provided ineffective representation in failing to: (1) obtain a second medical examiner's opinion regarding the victim's cause of death; (2) inform Wilson of defenses to the charge against him, rendering his guilty plea involuntary; (3) argue any defenses on Wilson's behalf; and (4) argue that, because the killing occurred in the "heat of passion," Wilson was guilty only of manslaughter.

When reviewing a district court's denial of a § 2254 petition, we review *de novo* mixed questions of law and fact—including claims of ineffective assistance of counsel. *Pardo v. Sec'y, Fla. Dep't of Corr.*, 587 F.3d 1093, 1098 (11th Cir. 2009) (citations omitted). But *de novo* does not mean without deference. For one thing, as explained in *Strickland v. Washington*, our analysis of Wilson's ineffectiveness claim is "highly deferential" and includes a "strong presumption" that counsel provided reasonable professional assistance. 466 U.S. 668, 689 (1984). For another, because the Antiterrorism and Effective Death Penalty Act of 1996 applies to Wilson's petition, we may not grant relief unless the state court's conclusions (1) were contrary to or involved an unreasonable application of clearly established federal law or (2) resulted in a decision based on an unreasonable

2

determination of the facts given the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d).  Here as well, our review is "highly deferential." *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997).  Thus, the Supreme Court has said that when a *Strickland* claim is part of a dispute subject to the AEDPA, our review is "doubly" deferential.  *Harrington v. Richter*, 562 U.S. 86, 105 (2011).  It will therefore be a "rare case" in which an ineffective-assistance claim, denied on the merits in state court, is found to warrant relief in a federal habeas proceeding. *Gissendaner v. Seabolt*, 735 F.3d 1311, 1323 (11th Cir. 2013) (citations omitted).

This is not such a case.  To prove ineffective assistance of counsel, Williams must show not only that his attorney made errors so serious that she ceased to function as the counsel that the Sixth Amendment guarantees, but also that the errors prejudiced his defense.  *Hill v. Lockhart,* 474 U.S. 52, 58 (1985); *Strickland*, 466 U.S. at 687.[1]

One last point before turning to the merits: because the final state court opinion does not explain that court's rationale for affirming the prior opinion, we "look through" its decision to the "last reasoned opinion" and assume that the final state court adopted the lower court's reasoning.  *Wilson v. Sellers*, 138 S. Ct. 1188, 1192, 1194 (2018).  When we do so, we conclude that the state court reasonably

---

[1] If Williams makes an insufficient showing on the prejudice prong, we need not address the performance prong, and vice versa. *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) (citations omitted).

assessed the facts relating to each of Wilson's ineffectiveness of assistance claims and reasonably applied federal law in deciding that Williams failed to carry his burden of proof.  *See* 28 U.S.C. § 2254(d).

## I

Addressing Wilson's first claim—that his attorney was ineffective in failing to obtain the testimony of another medical examiner—the state court found that Wilson did not indicate *how* a second medical examiner's testimony would have demonstrated that he was guilty of manslaughter rather than second-degree murder. This determination was reasonable in light of the facts before the court; it was also consistent with federal law.  Although Wilson gestures toward the possibility of his victim having a pre-existing condition, he offered the state court no evidence showing why another medical examiner would review the evidence from the incident—which indicated that the victim had been kicked and punched in the chest, bled out internally, and been left dead for several days—and reach a different conclusion than the first medical examiner.  As for federal law, ineffective assistance of counsel cannot be proven via conclusory assertion—*see, e.g.*, *Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012)—but that is all Wilson offered.  The federal district court was therefore correct in upholding the state court's determination.

The state court consolidated its discussion of Wilson's second and third claims. This was reasonable, because both claims argued that Wilson's counsel was ineffective for failing to reveal to him, or raise at trial, various defenses to Wilson's charge of second-degree murder. Wilson asserts that had he known of these defenses, he would not have pleaded guilty.

The state court responded that it was incumbent on Wilson to provide his attorney with adequate information to enable her to identify feasible defenses. On the one hand, this is not necessarily how we would have chosen to address Wilson's claims. After all, Wilson has also stated that counsel told him that none of his possible defenses would be meritorious—indicating that his attorney did not stonewall Wilson so much as recognize and communicate to him the likely futility of any defenses. On the other hand, and more importantly, our preferred approach is just that—a preference. Wilson must show that the state court made an error that "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. And a difference in approach hardly amounts to an indisputable error. In addition, and in any case, Wilson's second and third claims are as conclusory as the first. Wilson does not indicate how or why these defenses could have weakened the evidence against him—we are simply told that they would. Therefore, even if we were to agree that his counsel was

5

insufficiently communicative, Wilson will still have failed to meet his burden of demonstrating prejudice. *Strickland*, 466 U.S. at 687. The district court was again correct to uphold the state court's decision.

Finally, Wilson's fourth claim concentrates on the particular defense of "heat of passion." Wilson contends that his counsel was ineffective in failing to raise this mitigating defense. The state court rejected this claim because, during Wilson's plea colloquy, he stated that he had adequate time to discuss his case with his attorney and understood the nature and consequences of the plea agreement. The state court also noted that Wilson faced life imprisonment as a Prison Release Reoffender when he chose to accept the plea agreement.

Wilson has not shown why the "heat of passion" defense would have been viable given the evidence before the state court, or why the state court's determination was contrary to federal law. He identifies cases in which we have found that a counsel's poor advice amounted to deficient performance, but does not provide adequate facts to support the contention that his counsel's advice was similarly lacking. We do not doubt, for example, that Wilson and the victim had a "turbulent relationship," Doc. 13 at 23, but that fact alone does not demonstrate the viability of a "heat of passion" defense, and Wilson provides no further information that would suggest his counsel erred in recommending he avoid risking life imprisonment. The state court's decision was therefore neither

6

contrary to federal law nor an unreasonable application of that law in light of the evidence presented, as the district court correctly concluded.

## II

The district court here correctly determined that Wilson was not eligible for habeas relief because the state court reasonably assessed the facts, and reasonably applied federal law applicable to Wilson's ineffective assistance claims. Under AEDPA, the district court's denial of Wilson's petition was therefore proper. *See* 28 U.S.C. § 2254(d). Accordingly, we affirm.

**AFFIRMED.**